UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CADY RESOURCES, LLC, *et al*, | § | |
| | § | |
| Appellants, | § | |
| VS. | § | CIVIL ACTION NO. C-10-113 |
| | § | |
| FTI CONSULTING, INC., | § | |
| | § | |
| Appellee. | § | |

# ORDER

On this day came on to be considered Appellee FTI Consulting, Inc.'s Motion to Dismiss Appellants' Appeal for Failure to Prosecute. (D.E. 7.) For the reasons stated herein, the Court GRANTS Appellee's Motion and DISMISSES Appellant's Appeal (D.E. 1) pursuant to Federal Rule of Bankruptcy Procedure 8001(a).

## I. BACKGROUND

On December 8, 2006, Reichmann Petroleum Corp. (the "Debtor"), a privately held oil and gas exploration and production company, filed a voluntary petition for relief under Chapter 11 of Title 11 of the U.S. Bankruptcy Code in the Eastern District of Texas. (D.E. 1, Exhibit 2, p. 1.)[1] On December 21, 2007, Appellants, Cady Resources, LLC, Jon McMillan and Cyril C. and Patricia A. Parker Revocable Trust, filed a state court petition against Appellee, FTI Consulting, Inc., alleging negligence and breach of fiduciary duty with respect to two oil and gas leases owned by Appellants. Their case was removed to the United States Bankruptcy Court for the Southern District of Texas. (D.E. 1, Exhibit 2, p. 3.) On April 6, 2010, the Bankruptcy Court issued an Order granting the Appellee's Motion to Dismiss the Appellants' lawsuit. (D.E.

---

[1] On March 19, 2007, Reichmann's lawsuit was transferred to the United States Bankruptcy Court for the Southern District of Texas.

1, Exhibit 2.)  On April 19, 2010, Appellants filed their Notice of Appeal of the Order pursuant to Bankruptcy Rule 8007(b), which was filed with this Court on April 22, 2010 pursuant to Bankruptcy Rule 8004.  (D.E. 1.)  On April 27, 2010, this Court entered its Notice of Docketing an Appeal under Bankruptcy Code 8007(b).  (D.E. 6.)  On April 29, 2010, the attorneys for the Appellants filed a Motion to Withdraw, (D.E. 4), which this Court granted on April 30, 2010.  (D.E. 5.)

Since filing their Notice of Appeal on April 19, 2010, Appellants have taken no further action to prosecute their appeal and have failed to file a designation of the items to be included in the record, a statement of the issues to be presented, or an appellate brief, which are required under Bankruptcy Rules 8006 and 8009(a)(1).

On July 21, 2010, Appellee filed their Motion to Dismiss Appellants' Appeal for Failure to Prosecute and served their Motion on the Appellants that same day.  (D.E. 7.)  The Appellants have not responded.  Failure to respond will be taken as a representation of no opposition.  See L.R. 7.4.

## II.   DISCUSSION

The Federal Rules of Bankruptcy establish certain procedural requirements that appellants must follow in bankruptcy appeals.  Relevant here are Rule 8006 and Rule 8009.  Rule 8006 requires that:

> [w]ithin 14 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

Fed. R. Bankr. P. 8006 (emphasis added).

Rule 8009(a)(1) requires that:

> Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:
> (1) <u>The appellant shall serve and file a brief within 14 days after entry of the appeal on the docket</u> pursuant to Rule 8007.

Fed. R. Bankr. P. 8009(a)(1) (emphasis added).

In the case at bar, the Appellants filed their Notice of Appeal of the Bankruptcy Court's Order Granting Appellee's Rule 12b(6) Motion on April 19, 2010. The Notice was filed with this Court on April 22, 2010. (D.E. 1.) Accordingly, their designation of items to be included in the record and statement of issues to be presented was due on May 3, 2010, 14 days after filing, pursuant to Rule 8006. Their appellate brief was due on May 6, 2010, 14 days after docketing, pursuant to Rule 8009(a)(1). None of these documents have been filed with this court. Since filing their Notice of Appeal on April 19, 2010, the Appellants have not taken any further action to prosecute their Appeal. Over three months have passed. As of April 30, 2010, counsel for Appellants has withdrawn, and no further counsel has been appointed. (D.E. 4.) The issue before the Court is whether to dismiss Appellants' appeal pursuant to Bankruptcy Rule 8001(a) due to these procedural lapses.

Rule 8001(a) states that "an appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a). When Appellants fail to follow the procedural rules outlined in the Federal Rules of Bankruptcy Procedure, other than those rules which deprive the reviewing court of jurisdiction, "the district court does not invariably dismiss … Rather, the court must exercise discretion and consider what sanctions are appropriate." <u>Zer-Ilan v. Frankford (In re CPDC Inc.)</u>, 221 F.3d 693, 699 (5th Cir. 2000) (citing <u>In re Tampa Chain Co., Inc.</u>, 835 F.2d 54, 55 (2d Cir. 1987) (per curiam) (citations omitted)). The Fifth Circuit has declined to adopt a definitive

list of factors that a district court must weigh in determining whether dismissal is an appropriate sanction for violation of a procedural rule. Id. The Court has stated, however, that "we have upheld a district court's decision to dismiss a bankruptcy appeal under Rule 8001(a) when the appellee has shown prejudice from the delay and when the appellant has exhibited 'obstinately dilatory conduct.'" Id. (citing In re Braniff Airways, Inc., 774 F.2d 1303, 1305 (5th Cir. 1985); quoting In re Pyramid Mobile Homes, Inc., 531 F.2d 743, 746 (5th Cir. 1976)).

In this case, the Court finds that the Appellants have exercised obstinately dilatory conduct. The Appellants have made none of the filings required by Rules 8006 and 8009(a)(1). As noted above, since filing their Notice of Appeal on April 19, 2010, the Appellants have not taken a single action to prosecute their Appeal for over three months. The Court cannot delay the resolution of the Appellants' case indefinitely. Without a compelling justification for the Appellants' failures to make the requisite filings, dismissal with prejudice is appropriate. See, e.g., In re Braniff Airways, Inc., 774 F.2d 1303, 1304 (5th Cir. 1985) (affirming dismissal of appeal for failure to file appellate brief within 15 days, despite innocent error by counsel); In re McDonald, 327 Fed. Appx. 491, 492 (5th Cir. 2009) (affirming dismissal when nine months passed in which the district court "received neither a brief nor a request for an extension of time to file one"); In re Jolly Properties, Inc., 2009 WL 2940082, at *1 (S.D. Tex. Sep. 10, 2009) (dismissing bankruptcy appeal for want of prosecution where no brief was filed within two months after filing of notice of appeal).

Appellants have not responded to the Appellees' Motion to Dismiss For Failure to Prosecute, even though over one month has passed since the Motion was filed on July 21, 2010 and served on the Appellant that same day. (D.E. 7, p. 11.) The Court therefore has no basis on which to allow the continued delay in prosecuting the Appellants' case. The Appellants

apparently have no lawyer at this stage, as their attorneys withdrew on April 30, 2010 and have not been replaced. (D.E. 5.) Courts should be more lenient towards pro se litigants in mandating compliance with procedural rules. See Brinkmann v. Johnston, 793 F.2d 111, 112 (5th Cir. 1986) (citing Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir. 1993)). However, the Court cannot ignore the "the prejudicial effect of delay on the appellee[.]" Pyramid Mobile Homes, Inc. v. Speake, 531 F.2d 743, 746 (5th Cir. 1976) (citing Arline v. Brown, 190 F.2d 180 (5th Cir. 1951); Dawson v. McWilliams, 146 F.2d 38 (5th Cir. 1944); 13 Collier on Bankruptcy para. 801.08 (14th ed. 1975); 9 Moore's Federal Practice para. 203.12 (2d ed. 1975)). The Appellants' failure to file required documents prejudices the Appellee. Without a statement of issues to be presented, the Appellee has insufficient understanding of the Appellants' case and cannot prepare its own briefs in response. Appellee continues to incur the costs of litigation, including legal expenses, during the period of delay. (D.E. 7, p. 9.)

Because the Appellants have not followed the procedures outlined in Rules 8006 and 8009(a)(1), have taken no action to prosecute since filing the case, and have given this Court no compelling reason not to dismiss their case, the Court finds that dismissal is proper pursuant to Rule 8001(a).

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Appellee's Motion to Dismiss for Failure to Prosecute (D.E. 7) and DISMISSES Appellant's Appeal (D.E. 1) pursuant to Federal Bankruptcy Rule 8001(a).

SIGNED and ORDERED this 26th day of August, 2010.

_____
Janis Graham Jack
United States District Judge